## J. W. (JOHN) DORSEY V. THE STATE.

No. 21400. Delivered January 29, 1941.

The opinion states the case.

*Calloway Huffaker,* of Tahoka, for appellant.

*Lloyd W. Davidson, State's* Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of one cow and calf. The punishment assessed is confinement in the State penitentiary for a term of five years.

The evidence adduced by the State, briefly stated, shows that about the 1st day of November, 1938, E. E. Hinshaw loaned to Homer Durham a cow to milk and take care of, as well as her calf. This cow and calf disappeared from the premises of Durham in the town of Gail in Borden County on the night of December 19, 1938. On the next day the cow was recovered in Slaton, Lubbock County, where appellant had sold her to P. T. Gentry, giving his name as E. A. Phillips and his residence at Wilson. Hinshaw and Durham testified that the cow was taken without the consent of each of them.

Appellant testified that he and Durham engaged in a game of poker and after winning all of Durham's money he (Durham) staked his cow on the game and appellant won her; that Durham asked him not to sell the cow in his own name as he did not want his wife to know that he had lost the cow in a poker game. The State proved that appellant had theretofore, in three separate and distinct cases, been convicted for theft of cattle.

By Bill of Exception No. 1 appellant complains of the introduction in evidence of the former judgments of conviction. The court qualified the bill and in his qualification states that on cross-examination appellant admitted that he had once been convicted theretofore and denied the other two; that the appellant's objection thereto was that the record thereof would be the best evidence, whereupon the records were produced

26

without further objection. The bill, as thus qualified, fails to reflect any error.

Bill of Exception No. 2 is also qualified by the trial court who states in his qualification thereof that the matter complained of therein was not objected to or called to his attention during the trial nor in appellant's motion for a new trial; that the first time it was mentioned to him by the appellant's attorney was long after the trial and after the court had adjourned. The bill, as qualified, was accepted by appellant and fails to reflect any error.

By Bill of Exception No. 5 appellant claims misconduct of the jury in that they arrived at a quotient verdict, but no evidence is brought forward to substantiate his contention. Hence the matter complained of is not properly before this court for review.

A careful examination of Bills of Exception Nos. 3, 4, 6 and 7 has convinced us that they fail to reflect any reversible error.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.